`IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CR-21-275-RAW |
| | ) |
| **TROY ALLEN STEVENSON,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

On March 7, 2022, the court entered an order (#49) granting the motion of the government for pre-trial mental health examination of defendant.[1]  The court is now in receipt of correspondence from the Supervisory Attorney for the Federal Bureau of Prisons (BOP).  The indication is that both the prosecution and defense counsel are also in receipt of the correspondence, although neither has filed additional pleadings on the matter.

The correspondence addresses certain concerns.  It asserts that such an examination does not fall within 18 U.S.C. §§4241-4248, and requests clarification that the order falls within one of the authorizing statutes.  It does not, as stated in the order.  (#49 at 3).  *See also* 1A Wright & Leipold, Federal Practice and Procedure, §206 at 492 (2020 ed.)("Because *there is no statutory provision governing exams of this type,* the [2002] amendment stated

---

[1] Defendant filed notice pursuant to Rule 12.2(b) F.R.Cr.P. and the government sought the examination pursuant to the second sentence of Rule 12.2(c)(1)(B).

and still provides that the court may 'order the defendant to be examined under procedures ordered by the court.'")(emphasis added).[2]

The correspondence also states "the BOP has not been the entity that does Rule 12.2 evaluations (evaluation of the defendant's ability to form intent)." This may well be true in general terms, but this court's order is not unprecedented. *See United States v. Maxton,* 2014 WL 12680668 (D.Colo.2014); *United States v. Northington,* 2012 WL 3279197, *5 (E.D.Pa.2012)("The Court's authority to permit the Government to conduct an examination [under Rule 12.2(c)(1)(B)] at the [Medical Center for Federal Prisoners] is expressly provided in the Rules."). *See also United States v. Visinaiz,* 96 Fed.Appx. 594 n.5 (10th Cir.2004)(no statute applies to Rule 12.2(b) examinations but in specifying the procedures to be used the court may be informed by "other provisions, which address hearings on a defendant's mental condition. *See, e.g.,* 18 U.S.C. §4241, et seq."). In sum, the court is persuaded its order is on a sound legal footing.

The court is, however, sensitive to any BOP concern of overburdening. The correspondence also recommends (to counsel) that they contract with a local psychologist or psychiatrist for the examination. As stated in the order, defendant is in custody on a murder charge and other charges. The security aspects would seem to preclude any sort of outpatient procedure. Theoretically, the psychologist or psychiatrist could conduct the examination within the jail, but the quality of such an examination would likely suffer. Still, in the event

---

[2]The court's order is authorized by the language of the Rule and the court's "inherent authority to order mental examinations." *United States v. Visinaiz,* 96 Fed.Appx. 594, 600 (10th Cir.2004).

counsel wishes to pursue a local examination, the court will stay its order briefly to allow counsel to confer.³

Finally, the correspondence requests that, if the BOP were required to conduct an evaluation, the court would need to state that the examination could be done by a psychologist producing a forensic psychology report rather than a psychiatric report. The court adopts this modification.

It is the order of the court that the previous order (#49) is hereby modified as stated above. The order is also stayed while counsel confers as to whether to seek a local examination. The parties shall file a joint status report on or before March 18, 2022. The report shall also state if the parties wish the pretrial date and trial date stricken, and whether defendant will file a waiver of the Speedy Trial Act.

**ORDERED THIS 11ᵗʰ DAY OF MARCH, 2022.**

*[signature: Ronald A. White]*
_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

³The correspondence also states that there are "too few" psychiatrists at federal medical centers and there are delays of "several months."