IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-275-RAW |
| | ) |
| TROY ALLEN STEVENSON, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter came on for pretrial conference on September 22, 2022. This order memorializes or expands upon rulings made or taken under advisement. Defendant is charged with murder and other crimes. He asserts that his conduct in the fatal altercation with his father (Justin Stevenson) was in self-defense.

First addressed was the defendant's omnibus motion in limine (#32). Defendant seeks to present evidence of Justin Stevenson's past violent conduct and violent disposition. Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Rule 404(a)(1) F.R.Evid. As an exception, however, Rule 404(a)(2)(B) permits a criminal defendant to offer evidence of an alleged victim's pertinent trait. In turn, Rule 405 establishes the permissible methods of proving character under Rule 404(a)(2). *United States v. Talamante,* 981 F.2d 1153, 1156 (10th Cir.1992).

Rule 405(a) provides that "[w]hen evidence of a person's character or character trait

is admissible, it my be proved by testimony about the person's reputation or by testimony in the form of an opinion." Unless the person's character trait is an essential element of a charge, claim, or defense, which it is not in this case,[1] the court ordinarily may only "allow an inquiry into relevant specific instances of the person's conduct" during cross-examination of the character witness.[2]

Defendant contends specific instances of conduct may came in via other avenues.[3] He seeks to offer evidence of habit under Rule 406.[4] "Although habit evidence is not character evidence, the Tenth Circuit has noted that proving habit may offer a backdoor to proving character because habit and character are closely akin." *United States v. Morris,* 41 Fed.Appx. 160, 164 (10th Cir.2002). Examples of habit evidence which the Tenth Circuit has allowed are (1) "reacting with extreme violence to any contact with a uniformed police officer" and (2) "placing a gun in your belt every morning." *Id.* at 165. In the case at bar, defendant seeks to offer evidence that the decedent had a habit of (1) acting violently and

---

[1] *See* Tenth Circuit Pattern Instructions (Criminal) §1.28.

[2] The government is correct that the defendant will not be allowed to introduce evidence of "the victim's alleged sexual abuse of Defendant's mother, alleged drug dealing, alleged theft, and a number of other alleged activities. . . Defendant is not entitled to engage in mere 'character assassination' of the victim." (#48 at 8-9).

[3] At the pretrial conference, yet another avenue was discussed: past instances of violence known to the defendant. There was discussion of a purported incident (which defendant did not witness, but was later told to him) of Justin Stevenson putting a gun to the head of defendant's mother. Defense counsel argued this was admissible for the non-hearsay purpose of defendant's knowledge or basis for belief at the time of the incident. The court agrees. *Cf. United States v. Dowlin,* 408 F.3d 647, 660 (10th Cir.2005).

[4] "The limitations on the methods of proving character set out in Rule 405 do not apply to proof of habit. Testimony concerning prior specific incidents is allowed." *Perrin v. Anderson,* 784 F.2d 1040, 1046 (10th Cir.1986).

2

aggressively when arguing or when others questioned his conduct and of (2) carrying a weapon.

A habit is a regular practice of meeting a particular situation with a specific type of conduct, which may become semiautomatic. *Hasan v. AIG Prop. Cas. Co.,* 935 F.3d 1092, 1100 (10th Cir.2019). The very nature of habit evidence is that it is done reflexively. *United States v. Oldbear,* 568 F.3d 814, 822 (10th Cir.2009). To prove an act was habitual, the Tenth Circuit requires the proponent to offer evidence of numerous, consistent occurrences of the act. *Id.* Two factors predominate: adequacy of sampling and uniformity of response. *United States v. Yazzie,* 188 F.3d 1178 n.26 (10th Cir.1999).

"What constitutes sufficient frequency of conduct to establish habit is unclear." 23 Wright & Gold, *Federal Practice and Procedure,* §5273 at 30 (2018 ed.). In *Perrin,* the court stated: "[f]ive incidents ordinarily would be insufficient to establish the existence of a habit," but held such was sufficient in that case, evidently because the proponent made an offer of proof as to numerous other incidents. *Perrin,* 784 F.2d at 1046. Defendant represents that witnesses will offer numerous examples that will be of sufficient frequency to establish habit. The government merely responds that the defendant cannot meet the burden of proof. Particularly because the defendant is the proponent, the court will allow the habit evidence regarding violence contingently.[5]

---

[5] In any event, a court is almost always better situated during the actual trial to assess the value and utility of evidence. *United States v. Ojimba,* 2019 WL 3771752, *2 (W.D.Okla.2019)(citation omitted). Rulings on motions *in limine* are subject to change as the case unfolds. *Id.*

The court excludes habit evidence as to the victim carrying a firearm.  The court is not persuaded one "reflexively" carries a gun at all times.  Indeed, it was represented at the pretrial conference that Justin Stevenson was not carrying a gun at the time of the incident.  This leads to the additional conclusion that even if an individual habitually carried a gun <u>outside</u> the home, no presentation has been made regarding the victim's conduct inside the house.      Defendant also seeks to solicit lay opinion testimony pursuant to Rule 701 F.R.Evid.  The Rule requires such opinion to be (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In the briefing, defendant asserted in part that he "intends to solicit lay opinion testimony regarding Justin Stevenson's propensity toward violent conduct, especially when angry."  (#32 at 4).  This testimony will be allowed irrespective of Rule 701, as it is permitted by Rules 404 and 405 discussed above.  Also in the briefing and at the pretrial conference, however, defense counsel stated testimony would be sought as to whether it was reasonable to expect or fear violent conduct from Justin Stevenson when he was angry, and whether Justin Stevenson (based on the witness's observation) was capable of badly injuring or killing someone when angry.  The latter proposed testimony is excluded, based upon its being unhelpful to the jury and speculative.

Admission of lay opinion testimony is within the trial court's discretion. *See United States v. Hoffner,* 777 F.2d 1423, 1425 (10th Cir.1985). The court went to state that other courts have been "very liberal" in admitting such opinion testimony "as to another's state of mind if the witness has had sufficient opportunity to observe the accused so as to draw a rational conclusion about the intent of the accused." *Id.*

The latter observation was *dictum*, however, in that the appellate court upheld the trial court's exclusion of such evidence. "Although most courts opt for the broad admissibility of lay opinion, that does not mean that all such testimony ought to be indiscriminately admitted." *Id.* at 1426. Doubt has been expressed (by a district court) that the cases cited by the Tenth Circuit (and by defendant in the case at bar) stand for such "broad" or "liberal" admissibility. The district court reiterated that the proponent must show that "a witness's opinion about another person's intent was rationally based on the perception of the witness, and that the witness's opinion will be helpful to a clearer understanding of the witness's testimony or the determination of a fact in issue." *See United States v. DaVita Inc.,* 2022 WL 833368 n.1 (D.Colo.2022).

Defendant also asserts as follows: "The defense intends to ask Pamela Southern whether or not it would be reasonable for Troy Stevenson to believe that he was in imminent danger of death or great bodily harm and whether deadly force was necessary to prevent such an outcome." (#32 at 5). The restrictions in Rule 704(b) [precluding an expert from offering

5

an opinion about the ultimate issue of a defendant's mental state] do not apply to lay witnesses. *See United States v. Goodman,* 633 F.3d 963, 968 (10th Cir.2011).

Nevertheless, this testimony will be excluded, although this is an area of fine distinctions.[6] The terms "reasonable" and "imminent danger" embrace the very elements of self-defense. "Lay opinion testimony is not inadmissible solely because it addresses the ultimate issue in the case. Courts may properly be wary, however, of admitting lay opinion testimony when its sole function is to answer the same question that the trier of fact is to consider in its deliberations. Such testimony may be excluded as unhelpful." *See* 4-701 *Weinstein's Federal Evidence* §701.05 (footnotes omitted). The purpose of Rule 701 is "to exclude testimony where the witness is no better suited than the jury to make the judgment at issue, providing assurance against the admission of opinions [that] merely tell the jury what result to reach." *United States v. Marquez,* 898 F.3d 1036, 1049 (10th Cir.2018).

Pamela Southern will of course be allowed to testify as to her observations of the incident and the conduct of the defendant and his father. In the court's view, the opinion testimony would not be "helpful" within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inferences regarding the affirmative defense of self-defense.

Defendant will be permitted to introduce extant evidence that the decedent had methamphetamine in his system at the time of the incident. *See United States v. Tony,* 948

---

[6]"We emphasize, however, that the district court still has the discretion to exclude lay witness testimony for other reasons contemplated by the Federal Rules of Evidence." *Goodman,* 633 F.3d at 969.

F.3d 1259, 1261 (10th Cir.2020)(permissible under Rule 404(b) to show why the victim was acting erratically and violently). The court in *Tony* went on to say that the evidence might still have been excludable as irrelevant or lacking a foundation in expert testimony. *Id.* at 1263. As to the latter, however, the Tenth Circuit then stated defendant might not have needed expert testimony to show that methamphetamine causes erratic, violent behavior. *Id.* at 1263-64.

At the pretrial conference, the court made the suggestion (elaborating upon the statement of defense counsel) that the evidence might be intrinsic – and thus not subject to Rule 404(b), even under a "reverse 404(b)" theory – as intimately connected or blended with the factual circumstances of the charged offense. *See United States v. Tony,* 2022 WL 594882, *2 (D.N.M.2022)(citing cases). Some of this evidence will be allowed, but must not become cumulative or veer into "character assassination" of the victim, as the government puts it.[7]

Defendant also sought to preclude the government from using the term "victim" to describe the decedent. This portion of the motion was denied. In a previous order (#123 at 4-5), the court reserved for the pretrial conference a decision as to use of the word "homicide" by government expert Michalski. It will be permitted.

---

[7] The court ruled at the pretrial conference that defense expert Dr. Grundy might be allowed to describe the effect of methamphetamine on a hypothetical person, but could not opine as to any purported effect on Justin Stevenson.

The defendant's motion *in limine* (#94) seeks the exclusion of any mention or description of the shooting as "execution style." The motion was granted to the extent that use of the term is limited to counsel in closing argument.

The government's omnibus motion (filed under seal) (#99) raised three issues: (1) exclusion of the expert testimony of Curtis Grundy; (2) exclude reference to the victim's tattoos; (3) admit certain photographs of the defendant in handcuffs. Issue (1) was addressed in order #124 (filed under seal). The request to exclude reference to tattoos is denied. The request to admit photographs of the defendant in handcuffs is also denied.

The court took under advisement the defendant's motion *in limine* to preclude admission of irrelevant, duplicative and unfairly prejudicial photographs (#113).

The following photographs are allowed: 097, 099, 0138, 0144, 0165, 0328, 0336, 0338, 0356, 0358, 0359, 0375, 0376, 0378, 0383, 0400, 0404, 0420, and 0576.

The following photographs are excluded: 096, 0100, 0111, 0115, 0116, 0123, 0182, 0319, 0369, and 0418.

It is the order of the court that the motion of the defendant (#32) is granted in part and denied in part, as described above. The motion of the defendant (#94) is granted in part and denied in part as described above. The portions of the government's motion (#99) not previously ruled upon (i.e., precluding reference to victim's tattoos and permitting certain photographs of defendant in handcuffs) are denied. The motion of the defendant (#113) is granted in part and denied in part as described above.

**ORDERED THIS 26th DAY OF SEPTEMBER, 2022.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma